## FRANZEN v. UNIVERSAL CREDIT CO.

### No. 10833.

Court of Civil Appeals of Texas. Galveston.

Sept. 28, 1939.

Rehearing Denied Oct. 19, 1939.

LeRoy McCall, of Beaumont, for appellant.

Bryan, Suhr, Bering & Bell and Norman J. Bering, all of Houston, for appellee.

CODY, Justice.

Appellant is a dealer in Ford automobiles at Winnie, in Chambers County, selling for cash and on time. At times pertinent to this case, under an arrangement with appellee, in making sales of automobiles for deferred payments, appellant employed mortgage forms furnished by appellee, and then sold and transferred the mortgages which he obtained from his customers to appellee; and in connection with the sales

of such mortgages to appellee, appellant guaranteed their payment. This suit was brought by appellee against appellant for the unpaid balance, plus interest and attorney's fees, alleged to be due under appellant's guarantee of the payment of such mortgages. The defense pled by appellant against liability on two of the mortgages was to the effect that, under the agreement between him and appellee, appellee was bound to repossess and deliver to appellant the automobiles which were subject to said two mortgages, in order to fix liability under the guarantee made by appellant to appellee of the payment of said two mortgages; and appellant alleged that with respect to the automobiles subject to said two mortgages, this was never done by appellee. With respect to the guarantees on the other mortgages sued on by appellee, appellant alleged he was not liable thereon because appellee subsequently orally released appellant from such guarantee, and made a new and different contract in connection with each such mortgage. Appellant, by way of cross-action, sought damages for the breach of the alleged subsequent new oral contract, and for certain sums of money designated as "Dealer's Reserve", belonging to appellant, and which were retained by appellee at the time of the trial. In reply to appellant's pleading, appellee made a sworn denial of a subsequent verbal release and new contract, and pled there was no sum due appellant as "Dealer's Reserve". Appellee further pled no authority in an agent to make the verbal release or new contract pled by appellant; also a want of any consideration therefor; and that any such subsequent new contract as alleged by appellant was illegal and void.

The case was tried before a jury, and both parties moved for an instructed verdict at the conclusion of the evidence, both of which motions were refused. The court then submitted two special issues to the jury. One special issue was whether the automobile covered by the T. B. Fruge mortgage was repossessed by appellant or his agents within 90 days from December 15, 1935; the other special issue submitted was whether the automobile covered by the Eunice Kerr mortgage was repossessed by appellant or his agents, within 90 days from April 16, 1936. The jury answered both such inquiries in the negative.

The court thereupon rendered judgment in favor of appellee against appellant for the amounts due on the various mortgages which had been transferred to appellee by appellant (except the two referred to in the special issues submitted to the jury), together with the interest due thereon, and attorney's fees, being the total sum of $1,539.31; and rendered judgment in favor of appellant against appellee on his cross-action in the sum of $555.09; and applied the latter sum as a credit on the sum of $1,539.31 as of May 12, 1939, which was the day judgment was rendered in the trial court. From such judgment appellant has appealed, and appellee has perfected its cross-appeal.

The first assignment of error urged by appellant is to the effect that the amount which he recovered on his cross-action should be applied as a credit on the amount of principal adjudged in favor of appellee before any interest or attorney's fees are added. In other words, it is appellant's contention that the sum of $555.09 was money belonging to him, and which was being held by appellee for its protection against any default which appellant might become guilty of; and therefore, when appellant failed to pay the sum due on the mortgages, payment of which it had guaranteed, it was not only appellee's right, but also appellee's duty to apply money belonging to appellant which appellee held for its protection to appellant's obligation; and, as stated, to make such application prior to any right accruing in appellee to interest and attorney's fees.

Now the money which appellant sought to recover from appellee was principally funds belonging to him and held by appellee as "Dealer's Reserve". The rights and duties of the parties with reference to such "Dealer's Reserve" were fixed by the following three provisions of the agreement between the parties:

"Dealer's Reserve: In view of the fact that the dealer (appellant) assumes certain responsibilities detailed in the following pages of this handbook, reserve for complete outline of UCC retail plans, UCC will set up on its books a dealer's reserve on both new and used car transactions which will be remitted to the dealer from time to time as declared earned."

And again: "As an additional element of protection to dealers a dealer's reserve is set up on the books of the UCC to dealers in good standing."

And again: "It is understood and agreed that dealer's reserve, as provided under the

150

UCC Retail Plan, is primarily for the protection of UCC, and secondarily for the protection of the undersigned (appellant), and is not payable to the undersigned until all of undersigned's obligations to you (i. e. UCC) have been paid in full. * * *"

From the provisions of the agreement of the parties relative to "dealer's reserve", it is quite apparent that the same was intended as additional security to indemnify appellee against loss on the mortgages it took over from appellant. And had appellant sought to have such money offset against his obligations to appellee, it should have been, and doubtless would have been applied to the reduction of such obligations before any interest or attorney's fees were allowed appellee on such obligations. For certainly the only reason that interest is allowed where the payment of money is wrongfully withheld is in order to indemnify him from whom the money is wrongfully withheld. And it is equally certain that the principle on which a contract to recover attorney's fees is sustained as lawful is because the purpose of such contract is to indemnify the creditor against the loss of attorney's fees where a debtor, by his default, makes the employment of an attorney necessary. Had appellant not attempted to defeat appellee's right to apply the "dealer's reserve" to the reduction of appellant's obligations to appellee, it would have undoubtedly been the duty of appellee to apply such sum to the reduction of such obligations, and appellant would have been liable only for interest and attorney's fees on the amount of his obligations to appellee after the funds in appellee's hands, belonging to appellant, had been applied as credits. But certainly where appellee is not allowed to apply such security to the reduction of appellant's obligations to it until the day of judgment, and is allowed to do so only by force of such judgment, it is obvious that it is not the duty of appellee to make any earlier application of such security, and that the appellant has no right to have such application made sooner. The parties have failed to cite any authorities directly in point, but we take it that no authorities are necessary to support so elementary a proposition. Therefore appellant's assignment of error just discussed is overruled.

Appellant's assignments of error urged in his propositions 2 and 3 are doubtless presented too generally and abstractly to require any consideration at our hands. However, with the aid of appellee's brief, we have been able to consider the points which appellant there urges. We find them without merit, and believe no good purpose would be served to set forth the reasons for overruling them.

■ In order for appellant to show that appellee released appellant from his guarantee of the mortgages, it would be necessary for him to prove that appellee's agent had authority to bind appellee. The proof was to the contrary.

We have considered the other errors assigned by appellant and overrule them as being without merit.

■ It may be that we do not fully understand appellee's cross-assignments of error, and propositions urged thereunder. As we understand it, appellee contends by way of cross-assignment of error that appellant should not recover any part or portion of his funds held by appellee as "dealer's funds", because appellant's demand therefor is premature. Since there had been no dealings between the parties for two years before the case was tried, and since appellant was entitled to offset against his obligations any money belonging to him that was held by appellee as security for the performance of such obligation, we are at a loss to understand how any question of premature demand is involved. Neither have we been able to understand appellee's contention relative to its assignment of error in connection with the Fruge mortgage and the Kerr mortgage. Appellee's cross-assignments of error are overruled.

The judgment of the trial court is affirmed.

Affirmed.

### On Motion for Rehearing.

■ Having failed and refused to pay the defaulted mortgages, payment of which appellant had expressly guaranteed, which fact appears of record; and having left appellee to its legal remedy of obtaining a judgment against him for the amount due on such mortgages, principal, interest and attorney's fees, which necessarily involved the employment of an attorney; and it appearing of record appellee did employ an attorney to obtain judgment against appellant on such defaulted mortgages; we are unable to agree with appel-

lant in his motion for rehearing that there is nothing in the record to show any necessity on the part of appellee of employing an attorney. Appellant is also in error in his assertion that we held in our original opinion that appellee could collect from appellant interest and attorney's fees on the sum ($555.69) which appellant had on deposit with appellee. What we held was that appellant was bound to pay appellee the defaulted mortgages, payment of which he had guaranteed in writing, principal, interest and attorney's fees; and we further held that he was not entitled to have his $555.09 credited on the amount he owed appellee prior to the day of judgment, because until that time he was not only not seeking to have the same so credited, but was, on the contrary, claiming that appellee had no right of any kind thereto, and was seeking to recover the same free and clear of any right on the part of appellee.

Appellant's motion is overruled.

Overruled.